UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                      CASE NO: 6:15-cr-116-Orl-40TBS

MICHAEL CARVALHO

    Defendant.
_____

## WRIT OF ASSISTANCE AND ORDER OF EVICTION

This case comes before the Court on the Motion of the United States of America for a Writ of Assistance and Order of Eviction (Doc. 73).

Pursuant to a Forfeiture Money Judgment and Preliminary Order of Forfeiture (Doc. 48), the United States Marshals Service seized the real property ("Property") located at 2045 Shadow Drive, Geneva, FL 32732 titled in the names of Michael and Lisbet Carvalho (Doc. 73 at 2).  Then, the Marshals Service entered into an occupancy agreement with Christina Carvahlo (Id.).  The occupancy agreement provides that it remained in effect until 30 days after an order of forfeiture was entered by the Court (Doc. 13-1).  Upon entry of the order of forfeiture, and notice to Ms. Carvahlo, any existing rental agreement for the Property terminated (Id.).

On November 9, 2015, the Court entered judgment and sentence against Defendant Michael Carvalho (Doc. 56).  The judgment provides that "Defendant shall forfeit to the United States those assets previously identified in the Plea Agreement and Forfeiture Money Judgement and Preliminary Order of Forfeiture, that are subject to forfeiture."  (Id., at 5).

On March 7, 2016, the Court entered a Final Judgment of Forfeiture providing for the forfeiture to Plaintiff of the Property. The judgment provides that all right, title and interest in the Property is condemned, forfeited and vested in Plaintiff (Id.). It also directs the United States Marshals Service to dispose of the Property according to law (Id.).

On March 16, 2016, the Marshals Service mailed a notice and sent an email to Ms. Carvalho instructing her to vacate the Property (Doc. 73 at 2). A few days later, the Marshals Service followed up with phone calls and left messages for Ms. Carvalho (Id.). Despite notice, Ms. Carvalho refuses to vacate the premises (Id., at 1-2). She also has not paid the rent required by the occupancy agreement (Id., at 2).

Now, Plaintiff asks the Court to issue a writ of assistance and order of eviction pursuant to the All Writs Act, 28 U.S.C. § 1651 (Id.). The Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act give the Court the authority to grant the relief sought by Plaintiff.

After due consideration, Plaintiff's motion is **GRANTED** and it **ORDERED** that:

1. All persons occupying the Property, whether known or unknown, including Ms. Carvahlo, shall immediately vacate the Property.

2. All personal property shall be removed from the Property. Any personal property remaining at the Property shall be considered abandoned, pursuant to 41 C.F.R. § 102-41.80, and will be disposed of by the Marshals Service in accordance with Department of Justice procedures for the disposal of abandoned property and applicable law.

3. The United States Marshal for the Middle District of Florida or any of his deputies that shall be accompanied by any federal, state, and local law enforcement officers selected by the Marshal to ensure the safety of any person acting under this Writ of Assistance and Order of Eviction, are authorized to take any and all necessary steps to take possession of the Property, including forcibly removing any occupants from the premises, breaking open and entering the Property, evicting all persons located within the Property, and seizing all personal property located within the Property.

4. The Marshals Service will oversee the occupants' departure from the Property. If the occupants fail to vacate the Property, they may be found to be in violation of the Court's Order, punishable as contempt in violation of 18 U.S.C. § 2232.

5. Any interference with anyone acting under the authority of this Writ of Assistance and Order of Eviction shall be deemed a violation of a Court order and may be punished as a violation of 18 U.S.C. § 2232 prohibiting the impairment of in rem jurisdiction, or as otherwise provided by law.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2016.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

United States Marshal
United States Attorney